IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:                                          )
                                                )
GEORGE W. RIVES and                             )
CATHERINE B. RIVES,                             )        Case No. 05-50750
                                                )
        Debtors.                                )
_____)

### MEMORANDUM OPINION

        This matter came before the Court for hearing on April 19, 2006 upon an Objection by

Americredit Financial Services, Inc. (the "Creditor") to Valuation of a 2004 Dodge Durango

Truck (the "Objection to Valuation").  At the hearing, Thomas W. Anderson was present on

behalf of the above-referenced debtors (the "Debtors), Christopher Lewis White was present on

behalf of the Creditor, and Kathryn L. Bringle was present in her capacity as the Chapter 13

Trustee.

        The Debtors have proposed a Chapter 13 plan of reorganization, and the parties dispute

the value of the Debtors' 2004 Dodge Durango truck (the "Vehicle"), which is addressed by the

plan.  The dispute centers on the proper time for valuing the Vehicle.  The Court concludes that

proper time to value a vehicle for purposes of a Chapter 13 plan is the confirmation date

        Based upon a review of the Objection to Valuation, the arguments presented at the

hearing, and a review of the entire official file, the Court hereby makes the following findings of

fact and conclusions of law.

### I.  FACTS

        The Debtors filed a Chapter 7 bankruptcy proceeding on March 15, 2005.  The case was

converted from Chapter 7 to Chapter 13 on October 5, 2005.  A Notice and Proposed Order of

Confirmation proposing a Chapter 13 plan (the "Proposed Plan") was served on March 28, 2006. The Creditor filed the Objection to Valuation on March 28, 2006, objecting to the value the Proposed Plan placed on the Vehicle. The Proposed Plan values the Vehicle at $19,550.00. The Debtors purchased the Vehicle on November 20, 2004 for $34,669.50. The amount financed by the Debtors was $31,474.27. The amount owing to the Creditor on the petition date was $35,929.96.

## II.  ANALYSIS

The issue before the Court is what is the proper time for valuation of a vehicle for purposes of a Chapter 13 plan prior to the enactment of the Bankruptcy Abuse Prevention Consumer Protection Act of 2005 ("BAPCPA").

### A.  The Valuation Date

In the Middle District of North Carolina, vehicles are typically valued as of the petition date for purposes of a Chapter 13 plan. This practice is followed for two reasons. First, it is easy to determine and it is convenient; it is the date that the debtor filed his or her Chapter 13 petition or the date on which a Chapter 7 case was converted to a Chapter 13. Second, it is a practice that raises few objections from creditors because it favors creditors. Vehicles owned by Chapter 13 debtors are driven, which causes them to depreciate. Thus, such vehicles are typically worth more on the petition date than they would be on the date of confirmation. For these reasons, the practice in this District is to value vehicles in Chapter 13 plans on the date of petition.

However, this practice is only used if no objection to valuation is filed. In this case, the Objection to Valuation was filed by the Creditor. The Creditor argues that the date of valuation should be the date that the Debtors filed their Chapter 7 petition, not the date the case was

2

converted to a Chapter 13, which was the date used in the Proposed Plan. The Debtor objected to either date and argued that the proper date for valuing a vehicle is the date of confirmation of the Chapter 13 plan.[1]   The Chapter 13 Trustee agreed with the Debtor in that the proper valuation date when an objection is filed is the Confirmation Date.

## B.  Section 506(a)(2)

The Creditor argues that Section 506(a)(2), added to the Bankruptcy Code by BAPCPA, applies to this case and that it requires the valuation to be determined based on the replacement value of the Vehicle on the petition date.  Section 506(a)(2) reads as follows:

> If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing.  With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

However, this case was filed on March 15, 2005 and converted to Chapter 13 on October 5, 2005.  With certain exceptions that do not apply here, BAPCPA did not take effect until October 17, 2005 (the "Effective Date").[2]   Section 1501(a) of the Act provides that, unless otherwise

---

[1]Debtor counsel stated that he does not typically oppose the practice of the Chapter 13 Trustee of valuing vehicles as of the petition date.  However, since the matter was before the Court on the Creditor's Objection to Valuation, he sought to obtain the date most favorable to his client, which is the date of confirmation.

[2]On March 10, 2005, the United States Senate voted in favor of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (S. 256), which amends the Bankruptcy Code. The legislation was then referred to the United States House of Representatives (H.R. 685) and approved without amendment on April 14, 2005. The Act was signed by President Bush on April 20, 2005 (the "Enactment Date").  The general effective date of the Act is October 17, 2005.

provided, the provisions of the Act do not apply to cases commended before the Effective Date.[3]

The section at issue--Section 506--was not singled out by BAPCPA for an early effective date, so

Section 1501(a) provides that it took effect on the Effective Date.  As such, Section 506(a)(2)

does not apply to the case at hand.

<u>C.  Section 1325</u>

Section 1325 establishes that the court shall confirm a Chapter 13 plan when certain

criteria are met.  Section 1325(a)(5)(B)(ii) speaks directly to this issue.  Section 1325(a)(5)(B)(ii)

provides that the court <u>shall</u> confirm a plan if –

> (5) with respect to each allowed secured claim provided for by the plan –
> (B)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

The "value" as of the "effective date of the plan" has been defined as the "present value

of the collateral to the creditor."  <u>Till v. SCS Credit Corp</u>., 541 U.S. 465, 472 (2004).  This

determination incorporates the principle of the time value of money.  <u>See</u> <u>id</u>. at 467.

The term "effective date of the plan" is synonymous with the term "confirmation date."

When the term "effective date" is not specifically defined in a plan, it is apparent that the

meaning is the same as the "confirmation date."  <u>See</u> <u>Continental Securities Corp. v. Shenandoah</u>

<u>Nursing Home Partnership</u>, 188 B.R. 205, 217 (Bankr. W.D. Va. 1995)(citing <u>In re Wonder</u>

<u>Corp. of America</u>, 70 B.R. 1018, 1020 (Bankr. D. Conn. 1987)).  Thus, Section 1325(a)(5)(B)(ii)

provides that the value of the collateral shall be determined on the date the plan is confirmed.

---

[3]Numerous sections of BAPCPA became effective on the Enactment Date pursuant to Section 1501(b)(2).  These include Sections 308, 322, 330, 324, 325(d), 1003(c), 1213, 1221(d), 1234, 1401, 1402, 1405, and 1403.  Section 1401 became effective July 30, 2002; Section 1001(a)(1) became effective July 1, 2005; and Section 1402 is applicable only to cases filed one year after the Enactment Date.

4

D.  The Present Case

As set forth herein, the valuation of the Vehicle for terms of the Chapter 13 plan is the value of the Vehicle on the confirmation date.  The Chapter 13 plan of the Debtor was confirmed on March 30, 2006.  Thus, the value of the Vehicle on March 30, 2006 is the amount that the Chapter 13 plan must provide the Creditor as a secured claim.

The parties do not dispute the NADA retail value of the Vehicle as of March 30, 2006. The Creditor simply argues that March 30, 2006 was not the proper date on which to determine valuation.  The Creditor's argument is fallacious.  The Chapter 13 plan shall value the Vehicle at $18,000.00,[4] calculated as follows:

```
      $19,550.00 base retail
      $    350.00 Aluminum alloy wheels
      $    100.00 Luggage rack
     +$      0.00 Low mileage adjustment[5]
      $20,000     Total

      $20,000.00
     x      90%[6]
      $18,000.00
```

---

[4]At the hearing, the Debtor stated that he will reject the GAP insurance contract pursuant to Section 365.

[5]The exact mileage of the Vehicle is unknown to the Court.  However, the mileage as of March 15, 2005 was 14,200.  The Debtor purchased the Vehicle new on November 20, 2004. The mileage was arguably negligible on the purchase date.  Thus, the Debtor must have driven the Vehicle approximately 14,000 miles in four (4) months for an estimated mileage of 3,500 miles per month.  Using a more conservative estimate of 2,000 miles per month, as of the confirmation date, the Vehicle would have had approximately 24,000 additional miles or 36,200 miles total.  The NADA mileage adjustment for the Vehicle with 36,200 miles is $0.00.

[6]Pursuant to Associates Commercial Corp. v. Rash, 520 U.S. 953, 963 (1997), the valuation standard for vehicles in the Middle District of North Carolina is ninety-percent (90%) of the NADA retail value.

E.  CONCLUSION

For purposes of the Debtors' Chapter 13 plan, the value of the Vehicle is $18,000.00.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law.  A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:                                            )
                                                  )
GEORGE W. RIVES and                               )
CATHERINE B. RIVES,                               )          Case No. 05-50750
                                                  )
      Debtors.                             )
_____)

<u>PARTIES IN INTEREST</u>

George W. Rives

Catherine B. Rives

Thomas W. Anderson, Esquire

Christopher Lewis White, Esquire

Kathryn L. Bringle, Esquire

Michael D. West, Esquire